HENRY S. ROBINSON AND JAMES BURTENSHAW v. JOHN
W. SMITH, PRINCIPAL DEFENDANT, AND CHARLES
R. RICHARDSON AND THOMAS DENSON,
GARNISHEE DEFENDANTS.

*Findings of fact—Practice in Supreme Court.*

1. Upon the facts found by the circuit judge in this case (see opinion, pp. 352-3), his conclusions of law were well founded, and the judgment is affirmed.

2. In reviewing the findings of *fact* of a circuit judge it is not the province of the appellate court to *weigh* the testimony given in support of any of such facts, but to determine *only* whether there was *relevant* and *competent* testimony given in the case *tending* to support such findings.

Error to Wayne. (Speed, J.) Argued July 14 and 15, 1886. Decided October 28, 1886.

Action against garnishee defendants. Defendant Denson brings error. Affirmed. The facts are stated in the opinion.

*Albert J. Chapman,* for appellant,

*H. M. Campbell,* for plaintiffs.

SHERWOOD, J. John W. Smith, the principal defendant, was engaged in the retail boot and shoe trade in Detroit in 1879, and on May 1 of that year he borrowed $2,000 of William McLaren, and gave his note therefor, payable six months after date. On the eleventh day of July, 1881, this note

remaining unpaid, Smith gave to McLaren a chattel mort-
gage upon his stock of goods as security for the payment of
said note, and the mortgage was duly filed the same day in
the city clerk's office.

At that time Smith owed the plaintiffs about $900, and in
a few days after the mortgage was filed the plaintiffs com-
menced an attachment suit against the defendant Smith,
levying upon the stock of goods, and Smith then, in order to
relieve the property from the attachment, gave to plaintiffs
a second chattel mortgage upon the property to secure them;
and about three or four weeks thereafter, McLaren, having
learned of the second mortgage, came to Detroit, and sold
his chattel mortgage and note to Karrer Brothers, to whom
Smith was then indebted in the sum of three or four hundred
dollars.

Karrer Brothers foreclosed the mortgage, and bid off the
stock on sale, which took place August 15, 1881, for the sum
of $1,100.

Karrer Brothers, after making the purchase, continued the
boot and shoe business at the store which had been occupied
by Smith, and employed the latter to conduct the business
for them, under an arrangement by which they agreed to let
Smith have the stock back when he paid the chattel mort-
gage, and the amount of a judgment they also held against
him of about $560, and which was then levied on real estate
of Smith.

It is claimed by plaintiffs that Smith's indebtedness to
Karrer Brothers, on the twenty-fifth day of September, 1884,
had been reduced to $1,130.96, and that at or about that
time Smith sold some real estate which he owned, and
out of the proceeds completed the payment of the Karrer in-
debtedness, and that the stock of goods then on hand was
worth $3,000; that at that time Smith procured a transfer of
the goods to be made by Karrer Brothers to Thomas Denson,
and on October 3, 1884, at the request of Smith, who was

still in possession of the stock, Denson sold and transferred the goods to Charles R. Richardson for the sum of $1,800; he paying $1,100 in cash, and securing the payment of the balance by giving his two notes for $350 each, to Denson, made payable, at the request of Smith, in 30 and 60 days, respectively. These notes were claimed by plaintiffs to be the property of Smith, and held by Denson for his benefit.

On the contrary, Denson claims that the sale of the property by Karrer Brothers to him, and from him to Richardson, was made *bona fide* and in good faith, and that he is the true owner of the notes. The plaintiffs recovered judgment against Smith, and brought their garnishee suit against Denson and Richardson, claiming the right to recover in the garnishee suit the $700 for which the two notes were given. The proper issues were framed, and the cause was tried before Judge Speed, who, after hearing all the testimony, found the facts to be as follows:

"1. That in 1881 John W. Smith was indebted to the plaintiffs for the debt upon which plaintiffs have recovered judgment against him in this suit as principal defendant. The judgment amounts to $952.96, with interest and costs.

"2. That said Smith, in 1881, owned a certain stock of boots and shoes, situated at 151 Randolph street, in the city of Detroit; that during said year said Smith placed upon said stock a chattel mortgage for $2,000, which mortgage was purchased by and assigned to Karrer Brothers.

"3. That said Karrer Brothers also held, by assignment, a judgment levy against said Smith for $565.15, and interest from August 15, 1881, upon which execution had been issued, and levied upon certain real estate belonging to said Smith.

"4. That said Karrer Brothers foreclosed said mortgage, and acquired the title to said stock of goods, and Smith continued to manage the same under an arrangement whereby he was to have the stock back when he paid to Karrer Brothers the amount of the judgment and chattel mortgage aforesaid.

"5. That on September 25, 1884, said Smith had reduced the amount due Karrer Brothers, under said arrangement, to $1,130.96, which included the amount of said lien, and Karrer Brothers made no claim against him, or said stock, beyond said amount, or on account of said lien.

"6. That the stock at that time was worth about $3,000.

"7. That on September 25, 1884, said Smith sold the real estate upon which Karrer Brothers had the lien aforesaid to Patrick Hughes, who paid therefor $2,200 cash, and assumed a prior mortgage of $2,500 upon the premises.

"8. That said $2,200 was paid by said Hughes, under Smith's directions, to Karrer Brothers, who deducted the amount of their claim, $1,130.96, and paid the balance to Smith, except $100, which was paid to the agent who negotiated the sale of the real estate.

"9. That no other money was paid to Karrer Brothers by any one on account of said stock.

"10. That by said payment all claims of Karrer Brothers against said stock and said Smith were fully paid and discharged, and the stock thereupon became Smith's property, free from incumbrance.

"11. That Karrer Brothers, upon payment of their claim, as aforesaid, and at the request of said Smith, executed a bill of sale of said stock to Thomas Denson.

"12. That Denson paid nothing for the stock, and that the conveyance was thus taken for the purpose of preventing the creditors of Smith from levying on it, and the stock in fact belonged to Smith.

"13. That at the same time said Denson executed and delivered a bill of sale of the stock to Smith, which was not filed.

"14. That said Smith continued in the possession and management of said stock until October 3, 1884, when he sold the same to Charles R. Richardson for $1,800, $1,100 of which was paid in cash, and the balance in two notes of $350 each, one payable in 30 days and one in 60 days, with interest.

"15. That said notes were made payable to Thomas Denson, but were in fact the property of said Smith, and were made payable as aforesaid for the purpose of hindering, delaying, and defrauding his creditors.

"16. That, at the time the writ of garnishment was served upon said Denson, he held said notes; that they were in fact the property of said Smith, and said Denson held them for the use and benefit of and in the interest of said Smith.

"17. That the notes have since been collected, and the money, amounting to $722.90, paid into court.

"18. That, by stipulation between the parties, the money aforesaid stands in place and stead of the notes, the actual title to which is to be determined upon this issue."

Upon the foregoing finding of facts the circuit judge found, as legal conclusions therefrom, that the equitable ownership of the stock, while the title was held by the Karrer Brothers, was in Smith; that upon the payment of the claim of the Karrer Brothers the entire title vested in Smith; that the taking of the title by Denson was fraudulent, and conveyed no actual interest; that the bill of sale back to Smith perfected the legal title in him; that the notes taken on the sale belonged to Smith, and were held by Denson for the use and benefit of Smith; and plaintiffs are entitled to have them applied to the payment of Smith's debt to them; and that the plaintiffs are entitled to judgment that they recover of said Denson the sum of $722.90, the amount of said notes and interest, and that the clerk of said court pay over to the plaintiffs on said judgment the amount of said notes and interest, with costs against Thomas Denson, to be taxed.

Thomas Denson alone brings the case to this Court for review.

There was testimony given in the case tending to prove each of the facts found by the circuit judge, and his finding thereon must be held conclusive, unless error prejudicial to the defendant was committed in receiving or rejecting the testimony offered upon the trial. Five errors are assigned on the rulings of the court in receiving and rejecting testimony. We have examined the record as to each of the rulings complained of, and do not think any error was committed by the circuit judge.

It is not our privilege, in reviewing this case, to pass upon the weight of the testimony in support of any of the facts found, but to determine only whether there was relevant and competent testimony given in the case tending to support the several findings of the circuit judge.

Upon the facts found, we think the law was properly applied, and the judgment must therefore be affirmed. We do

not, however, regard the case as one calling for the imposi-
tion of costs in this Court beyond those provided by the
statute and rules of the Court.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, C. J.,
did not sit.